Local Form 3015-1 (12/17)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**James Alan Szymczak**

Case no.: **18-42718**
CHAPTER 13 PLAN ☑ Modified
Dated: **November 30, 2018**

Debtor.
In a joint case, debtor means debtors in this plan.

**Part 1. NOTICE OF NON-STANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE:** Debtors must check the appropriate boxes below to state whether or not the plan includes each of the following items:

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 9 or 17 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 17 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 17 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE**

2.1  As of the date of this plan, the debtor has paid the trustee $___.
2.2  After the date of this plan, the debtor will pay the trustee $ **450.00 *** per **Month** for **60** months beginning in **September** of **2018** for a total of $ **28,995.00**. The initial plan payment is due not later than 30 days after the order for relief.
2.3  The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
2.4  The debtor will also pay the trustee ___.
2.5  The debtor will pay the trustee a total of $ **28,995.00** [lines 2.1 + 2.2 + 2.4]

**Part 3. PAYMENTS BY TRUSTEE** — The trustee will make payments only to creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **2,899.50** [line 2.5 x .10]

**Part 4. ADEQUATE PROTECTION PAYMENTS (§ 1326(a)(1)(C))** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | Total Payments |
|---|---|---|---|
| **-NONE-** | | | |
| TOTAL | | | **$0.00** |

**Part 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 8.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 6. CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 7. HOME MORTGAGES IN DEFAULT (§§ 1322(b)(5) and 1322(e))** — The trustee will cure payment defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens. **All following entries are estimates.** The trustee will pay the actual amounts of default.

| | Creditor | Amount of default | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 7.1 | **Citizens Independent Bank** | $14,625.83 | $244.00 | 1 | 60 | $14,625.83 |
| | TOTAL | | | | | $14,625.83 |

**Part 8. CLAIMS IN DEFAULT (§§ 1322 (b)(3) and (5) and 1322(e)):** The trustee will cure payment defaults on the following claims as set forth below. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. The creditors will retain liens, if any. **All following entries are estimates, except for interest rate.**

|   | Creditor | Amount of default | Interest rate (if any) | Monthly payment | Beginning in month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|---|
| 8.1 | Hennepin County Treasurer | $2,077.62 | 0% | $35.00 | 1 | 60 | $2,077.62 |
|   | TOTAL |   |   |   |   |   | $2,077.62 |

**Part 9. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)) (secured claim amounts in plan this Part control over any contrary amount except for secured claims of governmental units**): The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column below. Unless otherwise specified in Part 17, the creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge, and if this case is dismissed or converted without completion of the plan, such liens shall also be retained by such holders to the extent recognized by applicable nonbankruptcy law. **Notwithstanding a creditor's proof of claim filed before or after confirmation, the amount listed in this Part as a creditor's secured claim binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with FRBP 3012(c) controls over any contrary amount.

|   | Creditor | Claim amount | Secured Claim | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
|   | -NONE- |   |   |   |   | $ |   |   |   |   |
|   | TOTAL |   |   |   |   |   |   |   |   | $0.00 |

**Part 10. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325) (910 vehicles and other things of value)(allowed filed secured claim controls over any contrary amount):** The trustee will pay in full the amount of the following allowed secured claims. **All following entries are estimates, except for interest rate.** The creditors will retain liens. Unmodified 910 claims not in default are addressed in Part 6. Unmodified 910 claims in default are addressed in Part 8.

|   | Creditor | Claim amount | Interest Rate | Beginning in month # | (Monthly payment) | X Number of payments) | = Plan payments | + Adq. Pro. from Part 4 | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
|   | -NONE- |   |   |   |   |   |   |   |   |
|   | TOTAL |   |   |   |   |   |   |   | $0.00 |

**Part 11. PRIORITY CLAIMS (not including claims under Part 12):** The trustee will pay in full all claims entitled to priority under § 507(a)(2) through (a)(10), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
| 11.1 | Attorney Fees | $3,000.00 | $126.00<br>$157.00 | 1<br>4 | 3<br>17 | $3,000.00 |
| 11.2 | Internal Revenue Service | $4,019.47 | Pro rata | Pro rata | Pro rata | $4,019.47 |
| 11.3 | MN Dept of Revenue | $0.00 |   |   |   | $0.00 |
|   | TOTAL |   |   |   |   | $7,019.47 |

**Part 12. DOMESTIC SUPPORT OBLIGATION CLAIMS:** The trustee will pay in full all domestic support obligation claims entitled to priority under § 507(a)(1), including the following. **The amounts listed are estimates.** The trustee will pay the amounts actually allowed.

|   | Creditor | Estimated Claim | Monthly payment | Beginning in Month # | Number of payments | Total payments |
|---|---|---|---|---|---|---|
|   | -NONE- |   |   |   |   |   |
|   | TOTAL |   |   |   |   | $0.00 |

**Part 13. SEPARATE CLASSES OF UNSECURED CLAIMS** — In addition to the class of unsecured claims specified in Part 14, there shall be separate classes of non-priority unsecured creditors described as follows:  **-NONE-**
The trustee will pay the allowed claims of the following creditors. **All entries below are estimates.**

|  | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
|  | -NONE- |  |  |  |  |  |  |
|  | TOTAL |  |  |  |  |  | $0.00 |

**Part 14. TIMELY FILED UNSECURED CLAIMS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under Parts 3, 7, 8, 9, 10, 11, 12 and 13 their pro rata share of approximately $ **2,372.58**   [line 2.5 minus totals in Parts 3, 7, 8, 9, 10, 11, 12 and 13].

14.1    The debtor estimates that the total unsecured claims held by creditors listed in Part 9 are $ **0.00** .

14.2    The debtor estimates that the debtor's total unsecured claims (excluding those in Part 9 and 13) are $ **30,532.62** .

14.3    Total estimated unsecured claims are $ **30,532.62**   [lines 14.1 + 14.2].

**Part 15. TARDILY-FILED UNSECURED CREDITORS** — All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 4, 7, 8, 9, 10, 11, 12, 13 and 14, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed.

**Part 16. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

|  | Creditor | Description of Property |
|---|---|---|
|  | -NONE- |  |

**Part 17. NONSTANDARD PROVISIONS:** The Trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in FRBP 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void. Any request by the debtor to modify a claim secured only by a security interest in real property that is the debtor's principal residence must be listed in this Part and the debtor must bring a motion to determine the value of the secured claim pursuant to Local Rule 3012-1(a).

| 17.1 | *The plan is a step plan which will pay as follows:  $450.00 Monthly for 3 months, then $485.00 Monthly for 57 months |
|---|---|
| 17.2 | **Citizens Independent Bank: Creditor has elected to no longer hold in escrow payments for real estate taxes and homeowner's insurance. Debtor will make payments directly to the Hennepin County Treasurer and the insurance company for the real estate taxes and homeowner's insurance.**<br><br>**Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Part 14 above.**<br><br>**A proof of claim may be filed by the Internal Revenue Service (IRS) for a claim against the debtor(s) for taxes that become payable to the IRS post-petition, limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**<br><br>**The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed.  If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments.**<br><br>**Late filed claims are subject to objection per 11 U.S.C. §502(b)(9).**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim.  For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 5, 6, 7, 8, 9, 10, 16 or Non-standard** |

|  | **provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.** |
|---|---|
| **17.3** | |

| Class of Payment | | Amount to be paid |
|---|---|---:|
| Payments by trustee's [Part 3] | $ | **2,899.50** |
| Home Mortgage Defaults [Part 7] | $ | **14,625.83** |
| Claims in Default [Part 8] | $ | **2,077.62** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 9] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 10] | $ | **0.00** |
| Priority Claims [Part 11] | $ | **7,019.47** |
| Domestic support obligation claims [Part 12] | $ | **0.00** |
| Separate classes of unsecured claims [Part 13] | $ | **0.00** |
| Timely filed unsecured claims [Part 14] | $ | **2,372.58** |
| TOTAL (must equal line 2.5) | $ | **28,995.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 17.

Signed:    **/s/ Jesse A. Horoshak**
          **Jesse A. Horoshak 0387797**
          Attorney for debtor or debtor if pro se

Signed:    **/s/ James Alan Szymczak**
          **James Alan Szymczak**
          Debtor 1

Signed:
          Debtor 2 (if joint case)

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                                                       Case No. 18-42718

James Alan Szymczak,

                Debtor.

**NOTICE OF CONFIRMATION HEARING**

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled on January 3, 2019 at 10:30 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 7 West, 7th Floor, 300 S 4th Street, Minneapolis, Minnesota.

Dated this 30th day of November, 2018.

                                                                      KAIN & SCOTT, P.A.

                                                                      /e/ <u>JESSE A. HOROSHAK-#0387797</u>
                                                                      Attorney for Debtor
                                                                      6445 Sycamore Court North
                                                                      Maple Grove, MN 55369
                                                                      (612) 843-0529

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:   Case No. 18-42718

James Alan Szymczak,

       Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

    I, Brandi J. Babatz, declare under penalty of perjury that on November 30, 2018 she caused to be served the Notice of Confirmation Hearing and Modified Chapter 13 Plan via the CM/ECF system to those parties requesting electronic notification and upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail.

Dated: November 30, 2018   /e/ Brandi J. Babatz
                                                                                 Brandi J. Babatz
                                                                                 Kain & Scott, P.A.

AMEX
P.O. BOX 981537
EL PASO TX 79998

CAPITAL ONE
PO BOX 30281
SALT LAKE CITY UT 84130

CAVALRY PORTFOLIO SERV
PO BOX 27288
TEMPE AZ 85285

CHASE CARD
PO BOX 15298
WILMINGTON DE 19850

CITIZENS INDEPENDENT BANK
5000 W 36TH STREET
ST. LOUIS PARK MN 55416

COMMERCE BANK
1045 EXECUTIVE PARKWAY
SAINT LOUIS MO 63141

DISCOVER FIN SVCS LLC
PO BOX 15316
WILMINGTON DE 19850

GURSTEL LAW FIRM, PC
6681 COUNTRY CLUB DRIVE
GOLDEN VALLEY MN 55427

HENNEPIN COUNTY
300 SOUTH SIXTH ST
MINNEAPOLIS MN 55487

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA PA 19101-7346

LUTZ LAW FIRM
527 S MARQUETTE AVE #860
MINNEAPOLIS MN 55402

MESSERLI & KRAMER
3033 CAMPUS DRIVE
SUITE 250
PLYMOUTH MN 55441-2662

MIDLAND FUNDING
2365 NORTHSIDE DR STE 30
SAN DIEGO CA 92108

MN DEPT OF REVENUE
ATTN: DENISE JONES
PO BOX 64447
SAINT PAUL MN 55164

PARK NICOLLET
PO BOX 9104
MINNEAPOLIS MN 55480

TMOBILE
PO BOX 790047
SAINT LOUIS MO 63179-0047

REVISED 12/15

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re                                                                    Case No. 18-42718

**James Alan Szymczak**

Debtor(s).

## SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☑ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☑ MODIFIED CHAPTER 13 PLAN
☐ OTHER (PLEASE DESCRIBE:_____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 10/29/2018

X _James A. Szymczak_                          X _____
Signature of Debtor1 or Authorized              Signature of Debtor 2
Representative

**James Alan Szymczak**                         _____
Printed Name of Debtor 1 or                     Printed Name of Debtor 2
Authorized Representative